## SECURED PROMISSORY NOTE

**$556,788.56**　　　　　　　　　　　　　　　　　　　　　　　　　**January 31, 2025**

BORROWER:　**MUHAMMAD ASSAD IQBAL**, an INDIVIDUAL, having an address of 2 Stubbe Drive, Stony Point, New York 10980, ("Borrower");

and

LENDER:　**PARAMOUNT PHARMACY GROUP LLC**, a LIMITED LIABILITY COMPANY, having an address of 377 Hoes Lane, Suite 105, Piscataway, New Jersey 08854 ("Lender").

The Lender and any other holder of this Note may transfer this Note. The word Lender includes the original Lender and anyone who takes this Note by transfer.

1. **BORROWER'S PROMISE TO PAY:**

In return for this loan (the "Loan"), the Borrower promises to pay to the order of Lender the principal sum of **FIVE HUNDRED FIFTY-SIX THOUSAND SEVEN HUNDRED EIGHTY-EIGHT and 56/100 Dollars ($556,788.56)** together with interest on the unpaid principal at the rate specified in this Note, fees and other charges payable as provided below.

2. **TERM:**

The term of the Loan ("Loan Term") shall be **ONE HUNDRED TWENTY (120) MONTHS**, until **JANUARY 31, 2035** ("Maturity Date"), at which time the entire principal amount advanced, plus unpaid interest, fees and other amounts and charges specified herein, shall be due and payable.

3. **INTEREST RATE:**

The interest rate during the Loan Term shall be **FIVE-PERCENT (5.0%)** per annum.

4. **PAYMENTS:**

Payments of principal and interest shall be deferred for the first twelve (12) months (the "Deferral Period"). During the Deferral Period, no payments shall be due and payable by the Borrower. Following the Deferral Period, the outstanding principal amount, together with any accrued interest, shall be repaid in one-hundred eight (108) equal monthly installments of **$6,587.69** on the 1st day of each month beginning on **February 1, 2026**. Borrower will make these payments every month until Borrower has paid all of the principal and interest and any other charges described below that Borrower may owe under this Note. If on **January 31, 2035** Borrower still owes amounts under this Note, Borrower will pay those amounts in full on that date, which is called the "Maturity Date". Borrower will make the monthly payments in the method designated by the Lender. All payments made shall be applied first to the payment of any fees or charges outstanding

hereunder, second to accrued interest, and third to the payment of the principal amount outstanding.

5. **PREPAYMENT:**

Borrower may, upon at least thirty days' prior written notice to Lender, prepay all amounts due and owing this Note, including all outstanding principal, accrued interest, and other sums due here-under at such time. At the time of prepayment, Borrower shall pay (a) the entire premium, (b) five-percent interest on the premium, and (c) a prepayment premium equal to the default rate less one-percent applied to the principal amount being prepaid. This Note may only be prepaid in full. There shall be no partial prepayments. The Borrower acknowledges that the prepayment premium is liquidated damages, and as such, is reasonable compensation to Lender for expenses, work, and services arising from the loss of income as well as loss of other investment opportunities by reason of prepayment of a portion of the Note. All prepayments shall be applied first to unpaid fees, unpaid interest and then to installments of principal in their inverse order of maturity.

6. **LATE CHARGE:**

If the Lender does not receive any monthly payment within ten (10) days of its due date, then for each such late payment the Borrower shall pay a late charge. The late charge shall be an additional **five-percent (5.0%)** of the unpaid amount. Acceptance by Lender of a late payment shall not be deemed or considered an election of remedies or waiver by Lender of rights at law, or under this Note. The late charge specified in this Note is not intended nor shall be deemed as liquidated damages or a penalty. The late charge constitutes a material covenant of the loan and is a material inducement for the Lender to enter into this loan.

7. **REPRESENTATIONS AND WARRANTIES:**

The Borrower hereby represents and warrants to the Lender as follows:

(a)     The Borrower is an individual, and sole shareholder of Health Haven Corp. d/b/a Prescription Plus Pharmacy, a CORPORATION duly incorporated, validly existing and in good standing under the laws of the state of its jurisdiction of organization and has the requisite power and authority to conduct its business as it is now being conducted.

(b)     The Borrower has the power and authority, and the legal right, to execute and deliver this Note and to perform its obligations hereunder.

(c)     The execution and delivery of this Note by the Borrower and the performance of its obligations hereunder have been duly authorized by all necessary corporate action in accordance with all applicable laws and regulations.

Paramount Pharmacy Group LLC v. Iqbal
Case No. 7:25-cv-04780-CS
Exhibit 1 - Page 2 of 7

(d) No consent or authorization of, filing with, notice to or other act by, or in respect of, any governmental authority or any other person is required in order for the Borrower to execute, deliver, or perform any of its obligations under this Note.

(e) The execution and delivery of this Note and the consummation by the Borrower of the transactions contemplated hereby do not and will not constitute a default under any material agreement or contract by which the Borrower may be bound.

(f) No action, suit, litigation, investigation or proceeding of, or before, any arbitrator or governmental authority is pending or, to the knowledge of the Borrower, threatened by or against the Borrower that could be expected to materially adversely affect the Borrower's financial condition or the ability of the Borrower to perform its obligations under this Note.

(g) Until all amounts outstanding under this Note have been paid in full, the Borrower will not transfer its property or assets or incur or create any new liens on any of its property or assets, whether now owned or hereinafter acquired, without first obtaining the written consent of the Lender. The foregoing shall not apply to liens already in place on the date of this Note.

(h) Until all amounts outstanding under this Note have been paid in full, the Borrower consents and agrees to contract with Paramount Pharmacy Group LLC to assist in the operations of the asset that Borrower purchased using the borrowed funds.

8. **SECURITY AGREEMENT:**

The Borrower's performance of its obligations hereunder is secured by a security interest in the collateral specified in the Security Agreement.

9. **EVENT OF DEFAULT:**

The occurrence and continuance of any of the following shall constitute an Event of Default hereunder:

(a) Thirty (30) days default in any payment of principal or interest due under this Note;

(b) Any representation or warranty made or deemed made by the Borrower to the Lender herein or in the Security Agreement is incorrect in any material respect;

(c) The Borrower fails to pay when due any of its indebtness for borrowed money (other than the debt arising under this Note) or any interest or premium thereon when due (whether by scheduled maturity, acceleration, demand or otherwise) and such failure continues after the applicable grace period, if any, specified in the agreement or instrument relating to such debt;

(d) The Borrower's (i) application for or consent to the appointment of a receiver, trustee or liquidator of the Borrower for all or a substantial part of its assets, (ii) admitting in writing its inability to pay its debts as they mature, (iii) making a general assignment for the benefit of creditors, (iv) being adjudicated bankrupt or insolvent, or (v) filing a voluntary petition in bankruptcy, or a petition or answer seeking reorganization or an arrangement with creditors or taking advantage of any bankruptcy, reorganization, insolvency, readjustment of debt, dissolution or liquidation law or statute, or an answer admitting the material allegations of a petition filed against it in any proceeding under any such law or if corporation action shall be taken by the Borrower for the purpose of effecting any of the foregoing;

(e) One or more judgments or decrees are entered against the Borrower and all of such judgments or decrees shall not have been vacated, discharged, stayed or bonded pending appeal within thirty (30) days from the entry thereof; or

(f) Borrower fails to comply with any provision of this Note or the Security Agreement, within ten (10) days after having received notice from the Lender. The foregoing notice and cure period shall not apply as to any payment of principal and/or interest.

(g) Borrower terminates its Master Services Agreement with Paramount Pharmacy Group LLC.

10. **DEFAULT RATE:**

In the event of any Event of Default, interest as of the date of default shall accrue on the unpaid balance of the Loan at a rate equal to the lesser of **SIXTEEN-PERCENT (16.0%)** per annum or the highest rate permitted by law ("Default Rate") immediately and without the requirement of notice to the Borrower. The Default Rate specified in this Note is not intended nor shall be deemed as liquidated damages or a penalty. The Default Rate constitutes a material covenant of the loan and is a material inducement for the Lender to enter into this loan.

10. **REMEDIES:**

Upon the occurrence of any Event of Default and at any time thereafter during the continuance of such Event of Default, the Lender may at its option, by written notice to the Borrower, (a) declare the entire principal amount of this Note, together with all accrued interest thereon and all other amounts payable hereunder, immediately due and payable; and/or (b) have the Escrow Agent release the original share(s) certificate of the Borrower to the Lender, along with all ancillary transfer documents, thereby transferring ownership of the Borrower to the Lender, and/or (c) exercise any or all of its rights, powers or remedies under the Security Agreement and/or applicable law. The Lender's failure to immediately accelerate for any Event of Default shall not prevent the Lender from doing so at a later date. However, if an Event of Default described in Section 9(d) shall occur, the principal of and accrued

interest on the Loan shall become immediately due and payable without any notice, declaration or other act on the part of the Borrower.

11. **WAIVER OF FORMAL ACTS:**

The Lender is not required to do any of the following before enforcing the Lender's rights under this Note:

(a) To demand payment of amounts due (known as Presentment);

(b) To give notice that amounts due have not been paid (known as Notice of Dishonor); or

(c) To obtain an official certificate of non-payment (known as a Protest).

12. **WAIVER OF TRIAL BY JURY:**

THE BORROWER AND LENDER AGREE THAT ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY LENDER OR THE BORROWER, ON OR WITH RESPECT TO THIS NOTE OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. THE LENDER AND THE BORROWER EACH HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND INTELLIGENTLY, AND WITH THE ADVICE OF THEIR RESPECTIVE COUNSEL, WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. FURTHER, THE BORROWER WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. THE BORROWER ACKNOWLEDGES AND AGREES THAT THIS SECTION IS A SPECIFIC AND MATERIAL ASPECT OF THIS NOTE AND THAT THE LENDER WOULD NOT EXTEND CREDIT TO THE BORROWER IF THE WAIVERS SET FORTH IN THIS SECTION WERE NOT A PART OF THIS NOTE.

13. **AMENDMENT AND WAIVER:**

No term of this Note may be waived, modified or amended except by an instrument in writing signed by both of the parties hereto. Any waiver of the terms hereof shall be effective only in the specific instance and for the specific purpose given.

15. **COST OF COLLECTION:**

If the Borrower fails to comply with the terms of this Note, the Borrower will pay all of Lender's collection costs, including reasonable attorneys' fees, court costs and disbursements incurred in enforcing the terms of this Note.

16. **LOAN CHARGES:**

Paramount Pharmacy Group LLC v. Iqbal
Case No. 7:25-cv-04780-CS
Exhibit 1 - Page 5 of 7

Any and all payments under this Note, including without limitation, the Interest Rate, Default Rate, late charges and any other charges or amounts due hereunder constitute material covenants of the Loan and are: (1) a material inducement for the Lender to enter into this Loan; (2) the Lender would not have entered into this Loan without the Borrower's agreement and covenant to make the payments as specified herein; (3) some additional payments, such as the Default Rate, are deemed by the Lender as compensation to the Lender for the increased risk associated with this Loan not being timely repaid, and (4) the additional payments represent reasonable estimates to the Lender in allocating its resources (both personnel and financial) to the ongoing review, monitoring, administration and collection of the Loan.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and, only if applicable (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under this Note.

**17. GOVERNING LAW; JURISDICTION:**

This Note has been executed in the State of New Jersey and is to be construed and enforced according to and governed by the laws of the State of New Jersey. Borrower hereby submits to the personal jurisdiction of the courts of the State of New Jersey for any matters relating to this Note.

**18. SALE OR HYPOTHECATION:**

The rights of the Lender hereunder shall not be impaired by the Lender's sale, pledge or hypothecation of this Note. Any purchaser, assignee, transferee or pledgee of this Note shall become vested with and entitled to exercise all the powers and rights given by this Note and all related applications, certifications, affidavits, guarantees or instruments; creating security interests, as if the purchaser, assignee, transferee or pledgee were originally named as payee in this Note.

**19. SIGNATURE:**

The Borrower agrees to the terms of this Note by signing below.

*Signature page to follow*

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED:

_____
MUHAMMAD ASSAD IQBAL

STATE OF NEW Jersey

COUNTY OF Morris       SS:

I CERTIFY that on February 7, 2025

**MUHAMMAD ASSAD IQBAL**, personally came before me and acknowledged under oath, and proved to me, to my satisfaction, that this person:

    (a)    was the person whose name is subscribed to this Note; and
    (b)    was authorized to and did execute this Note.

_____
NOTARY PUBLIC
(SEAL)    JEFFREY HELDMAN
          ATTORNEY AT LAW
          STATE OF NEW JERSEY
          #01330J012