## ESCROW AGREEMENT

This Escrow Agreement ("Agreement") is entered into and effective into this 24 day of 02 2025 (the "Effective Date"), by and between PARAMOUNT PHARMACY GROUP LLC, ("Lender"), and MUHAMMAD ASSAD IQBAL ("Borrower") (each referred to as a "Party" and collectively as the "Parties").

WHEREAS, the Lender loaned monies to Borrower pursuant to a Promissory Note and Security Agreement; and

WHEREAS, the Parties desire to hold certain corporate shares in escrow pursuant to the terms and conditions as set forth below;

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth in this Amendment, the Parties agree as follows:

1. <u>Appointment</u>.

    1.1. <u>Escrow Agent</u>. Borrower and Lender hereby designate and appoint law firm of VAZQUEZ HELDMAN LLC, with an address of 18 Hook Mountain Road, Suite 201, Pine Brook, New Jersey 07058 (the "Escrow Agent") to serve in accordance with the Escrow terms and conditions noted herein. Escrow Agent hereby accepts such designation and appointment.

    1.2. <u>Condition Precedent</u>. Prior to Escrow Agent having any obligations under this Agreement, there must be a deposit of the Property with the Escrow Agent.

    1.3. <u>Escrowed Property</u>. The term "Property" for the purpose of this Agreement shall be defined to be all the shares of **HEALTH HAVEN CORP.**, a CORPORATION, formed pursuant to the laws of the State of New York, with an address of 105 Croton Avenue, Ossining, New York 10562, owned/held by **BORROWER** (the "Property").

2. <u>Duties of the Escrow Agent</u>.

    2.1. <u>Release of the Escrowed Property</u>. The Escrow Agent shall hold the Property in escrow and only release the Property from escrow as follows:

    (a) Upon Borrower's completion of all payment obligations as set forth in the Secured Promissory Note;
    (b) Upon an (i) Event of Default as defined in ¶ 9 of the Promissory Note, and (ii) the failure of Borrower to cure said default, and (iii) submission of a sworn affidavit from Lender that notice and opportunity to cure was given to Borrower but failed to elicit the curing of said default;
    (c) Upon written agreement between the Parties directing the Escrow Agent to release the Property; or

(d)    Upon court order directing the Escrow Agent to release the Property.

3.    <u>Escrow Agent Limitation of Liability</u>. It is agreed that the duties of the Escrow Agent are purely ministerial in nature, and that the Escrow Agent shall incur no liability whatsoever except for willful misconduct or gross negligence, as long as the Escrow Agent has acted in good faith. Lender and Borrower each hereby indemnify and release the Escrow Agent from any act done or omitted to be done by the Escrow Agent in good faith in the performance of its duties hereunder.

4.    <u>Escrow Agent Duty if a Dispute Arises</u>. The Escrow Agent will act as a stakeholder only. If there is any dispute as to whether the Escrow Agent is obligated to deliver the Escrow Property or as to whom said Escrow Property is to be delivered, the Escrow Agent shall hold same until its receipt of an authorization in writing, signed by Lender and Borrower, directing the disposition of same, or in the absence of such authorization, the Escrow Agent shall hold the Escrow Property until the final determination of the rights of the parties in an appropriate legal proceeding. If such written authorization is not given, or proceedings for such determination are not begun and diligently continued, the Escrow Agent may, but is not required to, bring an appropriate action or proceeding for leave to deposit the Escrow Property in Court pending such determination. The Escrow Agent shall be reimbursed for its cost of such action or proceeding by the Party determined not to be entitled to the escrow property. Upon making delivery of the Escrow Property in the manner herein provided, the Escrow Agent shall have no further liability hereunder.

5.    <u>Amendment; Resignation and Termination</u>.

    5.1.    <u>Amendment</u>. These Escrow terms may be amended or terminated at any time by written agreement of all of the parties hereto, and Escrow Agent, expressly referring to these Escrow terms.

    5.2.    <u>Resignation</u>. Escrow Agent may at any time resign hereunder by giving at least ten (10) days prior written notice thereof to all of the other parties hereto. Upon the effective date of such resignation, the Property then held by Escrow Agent hereunder shall be delivered to: (i) a person designated by both of the parties hereto; or (ii) a court of competent jurisdiction; or (iii) any third-party professional reasonably deemed appropriate by Escrow Agent.

    5.3.    <u>Time Limit</u>. Unless otherwise terminated prior, Escrow Agent's obligations under these Escrow terms shall terminate upon the delivery hereunder by Escrow Agent of all of the Escrow Property.

6.    <u>Escrow Agent as Counsel</u>. Borrower acknowledges that Escrow Agent has acted as legal counsel to Lender in connection with the Promissory Note and is merely acting as a stakeholder under these Escrow terms and is, therefore, hereby authorized to continue acting as counsel for Lender. These Escrow terms shall be governed by and construed in accordance with the laws of

the State of New Jersey. Each of the parties hereto consents to the exclusive jurisdiction of the Superior Court of the State of New Jersey.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date:

BORROWER:

_____
MUHAMMAD ASSAD IQBAL

LENDER:

_____
PARAMOUNT PHARMACY GROUP LLC
By: Ibrar Nadeem, CEO


As acknowledgment of escrow duties only:

_____
JEFFREY HELDMAN, ESQ., on behalf of Vazquez Heldman LLC

# STOCK CERTIFICATE

**HEALTH HAVEN CORP.**

certificate number: 001

number of shares: 100

Corporate Name
New York

Incorporated in: 200

has a total authorized amount of _____ 100 _____ shares, at _____ no _____ par value.

This is to certify that _____ Muhammad Assad Iqbal _____ is the owner of _____ 100 _____ shares of _____ common _____ stock of the above named corporation, which are non-assessable, fully paid shares. The transfer of these shares must be done in accordance with the by-laws of the named corporation, in person, or by a duly appointed attorney or officer of the named corporation, and recorded in the books of the corporation.

_____   _____   _____
President                 Secretary                 Treasurer

if sold:

For _____ received, I, _____ sell and transfer _____ shares, of the _____ shares represented by this certificate to

and appoint _____ the _____, to record this transfer in the corporate books.

_____          _____
Name of shareholder              Signature of shareholder

Witness
Signature and name

http://www.northwestregisteredagent.com

Synergen Pharmacy Group LLC v. Iqbal
Case No. 7:25-cv-04780-CS
Exhibit 3 - Page 4 of 4